McDaniel *v.* McDaniel.

5-550                                    273 S. W. 2d 406

Opinion delivered December 13, 1954.

*Lee Ward,* for appellant.

*Kirsch & Cathey* and *Gerald Brown,* for appellee.

GEORGE ROSE SMITH, J.   In this case the chancellor granted a divorce to the appellee, upon the ground of desertion, and also awarded him the custody of the parties' six-year-old daughter.   By this appeal the appellant questions only the order of custody.

The record discloses, and the chancellor found, that both parties are of good character and are suitable persons to have the care of this child.   The appellee, a school teacher, lives in the home of his parents, about four miles from Paragould.   The child has been in the appellee's custody since a day or two after the couple's separation in November, 1952, and has been cared for by the appellee's parents while he is at work during the day.   There is no reason to criticize either the home provided by these grandparents or their fitness to look after their granddaughter in the absence of their son.

When the parties were married the appellee had not completed his education.   It is shown that during the marriage the appellant obtained employment in order to supplement the family income, as the appellee's earnings as a student were materially less than they now are.

Since the separation the appellant has continued at her job and has been living in a rented room in a private home. If she receives custody of the child and an allowance for maintenance she proposes to move to a small apartment and to employ a housekeeper to care for the child during working hours.

The chancellor found the problem of custody to be a difficult one, and so have we. In reaching his conclusion the chancellor stressed "the living conditions of the mother, the one room and the uncertainty of who would care for the child." He added that "perhaps in years to come, on changed conditions, she might apply for a modification of this order."

Precedents are of little value in a case of this kind; no situation can be said to be "controlled" by a prior decision. But there is much wisdom in the view, expressed many times in our reports, that a mother is better fitted than a father to take care of a very young child—especially a girl. We are not persuaded that a different view should prevail in this case. The present disparity in living conditions can be greatly lessened, if not completely removed, by a suitable allowance for the child's maintenance. We do not think it advisable, as did the chancellor, to let the matter await changed conditions in the future. It seems unlikely that the appellant, without assistance from her former husband, will ever be able to offer living accommodations comparable to those now provided by the appellee's parents. To put the burden of showing changed conditions upon this mother would in practical effect be tantamount to awarding permanent custody to the father at the outset.

The proof on the issue of maintenance has been fully developed, so that a remand on this issue is unnecessary. We think the appellant should receive, for the child's support, an allowance of sixty dollars a month, together with an attorney's fee of one hundred dollars for the presentation of this appeal. The decree is reversed, and the cause remanded for the entry of a decree consistent with this opinion.

Ed. F. McFaddin, Justice (dissenting). This is a child custody case; and these cases are always extremely difficult, particularly so to an appellate court that does not see the parties and has only before it the cold typed record.

Here the Chancellor saw the parties and the child, and reached the conclusion that the best interests of the child would be served by leaving her with the father and his mother. From a careful study of the record, I cannot say that the Chancellor made any error; and therefore I would affirm his decree.